IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


T. R. KISOR,

       Plaintiff,

v.                                                 No. CV 17-00737 MV/GBW

ALISHA TAFOYA-LUCERO (WARDEN),
GARY MARCIAL (DEPUTY WARDEN),
FILEMON SANDOVAL (CORRECTION'S OFFICER),
AGT ARCHIE MARTINEZ (CORRECTIONS OFFICER),

       Defendants.


## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) and Rule 12(b)(6) of the Federal Rules of Civil Procedure on the Complaint for Violation of Civil Rights filed on July 13, 2017 by Plaintiff T. R. Kisor. (Doc. 1) ("Complaint"). The Court concludes that the Complaint fails to state a claim on which relief can be granted and dismisses Plaintiff's claims. However, the Court will also grant Plaintiff Kisor leave to file an amended complaint within 60 days of service of this Memorandum Opinion and Order.

*1. Factual and Procedural Background*

Plaintiff Kisor asserts claims under 42 U.S.C. § 1983. (Doc. 1 at 1-3). The claims asserted by Kisor include:

> *(1) DUE PROCESS; THIS IS CONCERNING THE WRITE UP I'M INCLOSING*
> *(2) EQUAL PROTECTION; TO BE TREATED FAIRLY AND NOT HAVE TO BE AFRAID OF THE C/O'S RETALIATION OF ME AND HARASSMENT FROM THEM*
> *(3) RETALIATION; THE WRITE UP I'M ENCLOSING IS RETALIATION BECAUSE I HAVE A LAWSUIT AGAINST THE C/O THAT WROTE IT I'VE BEEN ASKIGN TO BE MOVED LONG BEFOR HE WROTE ME UP*
> *(4) DENIING ME ACCESS TO THE COURT'S; BY CONFISCATING MY*

> *LEGAL BOX WITH MY LAWSUIT'S I HAVE AGAINST THE DEPARTMENT OF CORRECTION'S AND AGAINST C/O FILEMON SANDOVAL. (THE SAME C/O THAT WROTE ME UP) I HAVE 2 CASE'S IN THE U.S. DISTRICT COURT'S THERE CASE NUMBER'S ARE (1) 16-CV-01308-LH-SCY (2) 17-00381-WJ-CG AND I HAVE ONE AGAINST C/O FILEMON SANDOVAL IN THE SUPREME COURT AND THE CASE NUMBER IS (1)S-1-SC-36415. MY LAWSUIT'S ARE MISSING FOR SOME REASON AND NO ONE KNOW'S WHERE THEY ARE. AND REFUSING TO GIVE ME A COPY OF THE CONFISCATION FORM.*
> *(5) THERE IS NO GRIEVANCE PROCEDURE'S BEING FOLLOWED THEY DON'T ANSWER THEM OR INFORMAL'S OR LETTER'S WRITEN TO THE SECRETARY OF CORRECTION'S*
> *(6) CRUEL AND UNUSUAL PUNISHMENT; I FEAR FOR MY LIFE IN THE DEPARTMENT OF CORRECTION'S BECAUSE OF THE LAWSUIT'S I HAVE AGAINST THEM AND FEAR THERE SEGREGATION UNIT AND JUST DISAPPEAR FROM HERE.*
> *(7) CALLOUS AND RECKLESS INDIFFERENCE*
> *(8) EVIL AND MALICE INTENT*
> *(9) MENTAL ANF PHYSICAL ANGUISH*
> (10) NOT FOLLOWING STATE AND FEDERAL GUIDELINES
> (11) DENIAL OF CONSTITUTIONAL AND CIVIL RIGHT'S
> (12) TAKING PERSON PROPERTY AND LEGAL PROPERTY
> (NOT FOLLOWING POLICIES)

(Doc. 1 at 12) (errors in the original). Plaintiff Kisor's request for relief states:

> (1) TO HAVE THE WRITE UP DISMISSED OFF MY PERMANENT FILE
>  (2) TO HAVE THE OFFICER'S INVOLVED LETTERS OF TERMINATION FROM THE DEPARTMENT OF CORRECTIONS
>  (3) PROCECUTED TO THE FULLEST OF THE LAW
>  (4) THERE PENSION'S TAKE
>  (5) IM REQUESTING MONITARY DAMAGES IN THE AMOUNT OF $20,000,000
>  (6) THERE NEED'S TO BE AN INVESTIGATION INTO THE DEPARTMENT OF CORRECTION'S. ABOUT THEM FOLLOWING POLICIE'S IN THE GRIEVANCE POLICY AND DISIPLINARY POLICIE'S FROM AN OUT SIDE SOURCE.
>  (7) I WANT ALL MONITARY COMPINSATION TO BE IN THE FORM OF A CASHIER'S CHECK AND ALLOWED TO BE TRANSPORTED TO A BANK OF MY CHOOSING

(Doc. 1 at 14) (errors in the original).

The Court notes that Plaintiff's instant claims are similar to those he made in three prior cases: *Kisor v. New Mexico Department of Corrections,* No. CV 16-01308 LH/SCY; *Kisor v.*

*Judd*, No. CV 17-00381 WJ/CG; and *Kisor v. Department of Corrections,* No. CV 17-00714 JB/KK. Case Nos. CV 16-01308 LH/SCY and CV 17-00381 WJ/CG were dismissed for failure to state a claim on which relief can be granted. Kisor was granted leave to amend in Case. No. CV 16-1308, but voluntarily withdrew his amended filing, claiming that it was intended to be a new case, not an amended complaint. Kisor also voluntarily dismissed Case No. CV 17-00714 JB/KK.

## 2. Legal Standard

Plaintiff Kisor is proceeding pro se and *in forma pauperis* on civil rights claims under 42 U.S.C. § 1983. The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …

poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Further, *pro se* plaintiffs should ordinarily be given the opportunity to cure defects in the original complaint, unless amendment would be futile. *Id.* at 1109.

### *3. Kisor's Complaint Fails to State a Claim for Relief*

Plaintiff's constitutional claims are asserted pursuant to 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

In a § 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, do not state any claim for relief. *Id.* at 1249-50.

Further, prison supervisors cannot be held liable solely because they employ or oversee a tortfeasor. Such defendants can only be liable if they promulgate an official policy that leads to the constitutional violation. *See Dodd v. Richardson,* 614 F.3d 1185, 1195 (10th Cir. 2010)

4

(wardens and other supervisors can face § 1983 liability based on the "promulgation, creation, implementation, or utilization of a policy that caused a deprivation of plaintiff's rights").

Here, Plaintiff Kisor's Complaint contains no allegations of any specific actions by any of the named individual Defendants that violated Kisor's constitutional rights. His Complaint contains nothing more than vague and confusing statements regarding failure to follow grievance procedures and policies, retaliation, and denial of access to the courts by confiscation of property. (Doc. 1 at 12-13). For his statement of facts in support of his Complaint, Kisor states "[p]lease see attachments." (Doc. 1 at 4, ¶ IV). When asked to describe the injuries he has sustained, Kisor indicates "N/A." (Doc. 1 at 5, ¶ V).

The Court cannot search Kisor's attachments and guess at what facts may support his Complaint. Moreover, without any claimed injury, Kisor is not eligible for § 1983 relief. *See Requena v. Roberts*, 893 F.3d 1195, 1207 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 800 (2019). The Court concludes that the vague allegations of Plaintiff's Complaint fail to state any plausible claim for relief under § 1983. *Twombly*, 550 U.S. at 555; *Iqbal,* 556 U.S. at 676.

Further, Kisor's claimed violations by four individual Defendants, as set forth in the attachments to his Complaint, also fail to state a claim for relief. (Doc. 1 at 13). With respect to Warden Alisha Tafoya-Lucero and Deputy Warden Gary Maciel, Kisor asserts that they violated his rights by "allowing" other officers to violate policies and procedures. (Doc. 1 at 13). Kisor's assertions do not demonstrate that either Tafoya-Lucero or Maciel was personally involved in, or promulgated an official policy that led to, the alleged constitutional violations. Kisor's allegations against Tafoya-Lucero and Maciel are essentially theories of vicarious liability and thus cannot form the basis for § 1983 claims against them. *Iqbal,* 556 U.S. at 676.

In the attachments to his Complaint, Kisor also makes allegations against C/O Filemon Sandoval and Sgt. Archie Martinez. (Doc. 1 at 13). Specifically, Plaintiff claims that C/O Sandoval "has been harassing me ever since I got back to this prison." (Doc. 1 at 13). Plaintiff does not however, identify the facts that he concludes are "harassing," identify any specific incidents of harassment, or allege any injury or harm as a result of the harassment. Absent any plausible factual allegations that C/O Sandoval caused a constitutional deprivation, the Complaint does not state any claim for relief against him. Plaintiff further contends that Sgt. Martinez took Plaintiff's legal property box and refused to give him a confiscation form, per policy. (Doc. 1 at 13). Kisor again fails to state how these alleged actions by Sgt. Martinez resulted in any constitutional injury, and thus does not state a claim for relief against him.

Notably, to the extent that Kisor bases any of his claims on allegations that certain prison officials have failed to follow New Mexico Department of Corrections' grievance policies and procedures (Doc. 1 at 12), those claims are not cognizable. Prison grievance procedures do not create a protected liberty interest and, accordingly, do not implicate a prisoner's due process rights. *See Murray v. Albany Cty. Bd. of Cty. Comm'rs,* No. 99–8025, 2000 WL 472842, at *2 (10th Cir. Apr. 20, 2000) ("[P]rison grievance procedures do not 'give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.'") (quoting *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993)); *Anderson v. Colo. Dep't of Corr.,* No. 98–1477, 1999 WL 387163, at *2 (10th Cir. June 14, 1999) (holding that a state prisoner's § 1983 "allegations relating to the requirements of the Department of Corrections grievance procedure do not support a due process claim because those procedures do not create any liberty interest in the incarcerated petitioner"). To the extent that Plaintiff Kisor complains that his grievances were

6

improperly handled in violation of his right to due process, he fails to state a claim upon which relief may be granted.

Finally, Kisor makes generalized claims of retaliation and harassment. (Doc. 1 at 12, 13). Prison officials may not retaliate against an inmate based on the inmate's exercise of his or her constitutional rights, including filing internal prison grievances or initiating lawsuits. *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006); *Smith v. Maschner*, 899 F.2d 940, 947–48 (10th Cir. 1990). The elements of a retaliation claim are: (1) the plaintiff engaged in constitutionally protected activity; (2) the defendant responded by causing an injury that "would chill a person of ordinary firmness from continuing to engage in that activity," and (3) the defendant's action was substantially motivated as a response to the plaintiff's protected activity. *Gee v. Pacheco*, 627 F.3d 1178, 1182, 1195 (10th Cir. 2010) (internal quotation marks omitted). An inmate is "not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he has engaged in protected activity." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). To state a retaliation claim, a plaintiff must allege specific facts showing that "but for the retaliatory motive, the incidents to which he refers, including any disciplinary actions would not have taken place." *Id*. (quotations omitted); *Sherratt v. Utah Dep't of Corr.*, 545 F. App'x 744, 747 (10th Cir. 2013).

Kisor's allegations that he is being retaliated against for filing grievances and court actions against correctional officers are sufficient to state the first prong of a retaliation claim. His allegations are too general, however, to establish the second or third prong of a retaliation claim, namely, that prison officials engaged in specific incidents of retaliation and harassment with a retaliatory motive. Absent such specific factual allegations, Kisor's Complaint fails to state a §1983 claim for retaliation.

### *4. Kisor Will Be Granted Leave to Amend His Complaint*

As detailed above, Plaintiff fails to state a claim for relief because his Complaint contains no allegations of individualized acts, fails to state any specific facts of any conduct, and fails to explain how any conduct violated his constitutional rights. The Tenth Circuit counsels that "if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Accordingly, the Court will give Kisor an opportunity to amend his Complaint to remedy the defects identified in this Opinion. Kisor may file an amended complaint within sixty (60) days of service of this Opinion.

In any amended complaint, Kisor must identify specific individual defendants, must make clear exactly who is alleged to have done what to whom (including names, titles, and dates, if possible), and must specify how those individuals and actions violated his constitutional rights. Kisor may not refer to attachments to support his claims. Instead, the specific facts supporting his claims must be set out in a short, plain, statement in the body of the amended complaint. Kisor may not rely on prison officials' failure to follow grievance procedures as a basis for his claims. If Kisor fails to file an amended complaint within sixty (60) days of service of this Opinion, or if he files an amended complaint that does not comply with the requirements set forth herein, the Court may dismiss this case with prejudice and without further notice.

**IT IS ORDERED:**

(1) the Complaint for Violation of Civil Rights filed July 13, 2017 by Plaintiff T. R. Kisor. (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) and Rule 12(b)(6) of the Federal Rules of Civil Procedure; and

(2) Plaintiff Kisor is granted leave to file an amended complaint consistent with this

Memorandum Opinion and Order within sixty (60) days of service of this Memorandum Opinion and Order.

_____
MARTHA VAZQUEZ
United States District Judge